**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00529-MSK-MEH

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

        v.

JEFFREY O. FRIEDLAND,
GLOBAL CORPORATE STRATEGIES LLC, AND
INTIVA PHARMA LLC,

        Defendants,

a n d

LANE 6552 LLC,
KATHY B. FRIEDLAND,
ASPEN UPPER RANCH LLC, AND
THE JEFFREY AND KATHY FRIEDLAND IRREVOCABLE TRUST,

        Relief Defendants.

---

## DEFENDANTS' JEFFREY FRIEDLAND, GLOBAL CORPORATE STRATEGIES LLC, LANE 6552 LLC, KATHY FRIEDLAND, AND THE JEFFREY AND KATHY FRIEDLAND IRREVOCABLE TRUST MOTION TO DISMISS THE AMENDED COMPLAINT

COME NOW Defendants Jeffrey Friedland, Global Corporate Strategies LLC, Lane 6552 LLC, Kathy Friedland, and the Jeffrey and Kathy Friedland Irrevocable Trust by and through their attorneys, who move to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Defendants certify that, pursuant to D.C. Colo. L. Civ. R. 7.1(A), counsel discussed the grounds for this motion and the relief requested with counsel for the Plaintiff on May 24, 2018. Plaintiff's counsel opposes the relief requested herein.

## SUMMARY OF FACTS AND PROCEDURE[1]

On May 10, 2018, The Securities and Exchange Commission ("SEC") filed an amended complaint alleging that Defendants Jeffrey Friedland, Global Corporate Strategies LLC ("Global"), and Intiva Pharma LLC ("Intiva") committed securities fraud and engaged in undisclosed touting of a security for compensation.

The SEC's Complaint asserts six causes of action and alleges: (1) Defendants failed to disclose Global's consulting agreement with OWC Pharmaceutical Research Corp. ("OWC"), in violation of Section 17(b) of the Securities Act of 1933 ("Section 17(b)"), 15 U.S.C. § 77q(b).[2] (Claim I); (2) Defendants committed securities fraud, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5(b) (Claim II); (3) Defendants engaged in a scheme to defraud, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5(a) and (c) (Claim III); (4) Defendants made false statements and misleading omissions, in violation Section 17(a)(2) of the Securities Act for fraud in the offer or sale of securities (Claim IV); (5) Defendants engaged in a scheme to

---

[1] The facts recited herein are based on the allegations in the Amended Complaint. A detailed factual summary is outlined in the brief filed in support of this motion to dismiss.

[2] Section 17(b) makes it unlawful "to publish, give publicity to, or circulate any . . . communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer . . . without fully disclosing the receipt . . . of such consideration and the amount thereof." 15 U.S.C. § 77q(b).

defraud in the offer or sale of securities, in violation of Section 17(a)(1) and (3) of the Securities Act (Claim V); and (6) equitable disgorgement for unjust enrichment (VI).

## ARGUMENT

For the reasons set forth below and explained more fully in the brief in support of this motion, the Court should dismiss each of the Commission's claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**I. Each Count Should be Dismissed for Failure To Meet Pleading Requirements under Rules 8 and 9(b)**

The SEC's Amended Complaint fails every measure of the applicable pleading standards. Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (2009).

Federal Rule of Civil Procedure 9(b) imposes heightened pleading requirements for fraud claims, and demands that a party "state with particularity the circumstances constituting fraud or mistake." A plaintiff is required to "set forth the time, place and contents of the false representation, the identity of the party making the false statements, and the consequences thereof." *S.E.C. v. Arnold*, No. 03-CV-0328-REB-OES, 2007 WL 2786428, at *2 (D. Colo. Sept. 24, 2007) (citing *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir.2000) (emphasis added)). The SEC violates those basic federal pleading standards and fails to plead with the heightened particularity required for fraud claims under Rule 9(b).

The SEC engages in impermissible group and shotgun pleadings. *First*, for each count, the SEC states that "Paragraphs 1 through 135 are re-alleged and incorporated by reference." (Amend. Compl. ¶¶ 136, 139, 143, 147, 150, 153). The SEC also cites to a litany of 74 total

3

other paragraphs by incorporation (without stating the specific conduct at issue), and concludes by alleging that "[b]y reason of the foregoing. . . Friedland [and, as result of *respondeat superior*, Global and/or Intiva] violated" the quoted statute. (Amend. Compl. ¶¶ 137-38, 140-42, 144-46, 148-49, 151-52).

*Second*, by the SEC's own admission, the specific paragraphs identified in Claims One through Five are not the only relevant allegations at issue, as the SEC specifically states that the conduct underlying the counts "includ[e] *but* [are] *not limited to* the allegations" in the subsequently-identified paragraphs. (Amend. Compl. ¶¶ 138, 142, 146, 149, 152). This ambiguity violates the heightened pleading requirements under Rule 9(b).

*Third*, the specific paragraphs that purport to identify Mr. Friedland's misconduct include conduct by other entities. *See, e.g.* (Amend. Compl. ¶¶ 50-51).

## II. The SEC Fails to Allege a Violation of Section 17(b) in Claim I.

**A. Elements:** Section 17(b) makes it unlawful (i) "to publish, give publicity to, or circulate any . . . communication which, (ii) "though not purporting to offer a security for sale, describes such security"; (iii) "for a consideration received or to be received, directly or indirectly, from an issuer"; (iv) without fully disclosing the receipt . . . of such consideration and the amount thereof." 15 U.S.C. § 77a(b). In addition, Section 17(b) requires (v) proof that the defendant acted with scienter. *United States v. Wenger*, 427 F.3d 840, 851 (10th Cir. 2005).

### B. Elements not supported by the Complaint

**Element (i), No publication by defendants:** The Complaint lodges numerous allegations that do not involve public statements attributed to Mr. Friedland. For example, the SEC repeatedly cites quoted statements in press releases issued by OWC, not Mr. Friedland. (Amend. Compl. ¶¶ 50, 53, 79). Mr. Friedland cannot be held to account for OWC's press

4

releases absent allegations that he was responsible for the content. *See Janus Capital Group, Inc. v. First Derivative Traders*, 131 S. Ct. 2296, 2302 (2011). The SEC does not specify with particularity which purported statements it attributes to Mr. Friedland and Global.

**Element (ii), No "describing a security":** The vast majority of the allegations cannot substantiate a touting case because they do not involve "describing a security." For example, four paragraphs of the Complaint involve nothing more than Mr. Friedland listing his investment in OWC and his role on its advisory board (both undisputedly truthful facts) among many other biographical facts about Mr. Friedland. (Amend. Compl. ¶¶ 55-56, 101, 128). These allegations do not involve "describing a security for compensation" under Section 17(b). The SEC does not otherwise specify which allegations it relies on to establish that Mr. Friedland or Global "describe[d] a security."

**Element (iv), Full disclosure of required information:** The allegations in the Complaint establish that Mr. Friedland and OWC fully disclosed the relevant facts required by Section 17(b) by publicly stating: (1) Mr. Friedland was an investor in OWC through Intiva; (2) Mr. Friedland through Global owned 5.1 million shares of OWC stock; (3) Mr. Friedland, through Global, was engaged by OWC to interface with the U.S. investor community; and (4) Mr. Friedland served on OWC's advisory board. (Amend. Compl. ¶¶ 33, 48, 50-51, 53, 55-57, 59, 79, 90, 101, 118, 125, 128). The SEC attempts to make out a Section 17(b) violation based on the modicum of information (that could be readily inferred from that publicly-disclosed information) that Mr. Friedland obtained his shares in OWC as compensation, in part, for investor relations services. That limited omission is insufficient as a matter of law to make out a Section 17(b) violation in light of the circumstances and other public disclosures.

**Element (v), No Scienter:**  The Complaint does not allege that Mr. Friedland acted with scienter.  Mr. Friedland disclosed his relationship with OWC and his ownership interest in the company at every turn.  The Complaint suggests no reason why Mr. Friedland would knowingly or wrongfully fail to disclose the information about Global's consulting agreement given the information he disclosed and his open association with OWC.  Nothing in the SEC's Complaint alleges otherwise, much less with the requisite particularity.

### III. Counts II, III, IV, and V Should Be Dismissed For Failure to Allege The Elements Of Securities Fraud With Particularity.

Claims II and III allege that the defendants committed fraud in the purchase of a Security, in violation of Section 10(b) of the Exchange Act ("Section 10(b)") and Rule 10b-5 (Count II and III).  Claims IV and V allege the defendants committed fraud in the offer or sale of securities, in violation of Section 17(a) of the Securities Act ("Section 17(a)") (Count IV and V).  At the outset, it is difficult to respond to the securities fraud claims because the SEC fails to state, with particularity, which defendant violated those provisions, or what conduct amounted to the violations asserted.  In any event, critical elements of those offenses are plainly absent.

**A.  Claims II and IV:  False Statement or Misleading Omission in Offer or Sale of Security**

**1.    Elements of Claims II and IV, Section 10b/Rule 10b-5 and Section 17(a)(2):**

To prove a violation of Section 10(b), the SEC must establish the following elements:  (i) a misrepresentation or omission (ii) of material fact (iii) made with scienter (iv) in connection with the purchase or sale of a security (v) using any means of interstate commerce or the mails. *S.E.C. v. Wolfson*, 539 F.3d 1249, 1256 (10th Cir. 2008).  In the case of an omission, securities fraud incorporates the common law requirement that (vi) the defendant had a duty to disclose the omitted fact.  *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S.

164, 174 (1994). The elements of a Securities Act § 17(a) are "essentially the same" as under Rule 10(b). *Wolfson*, 539 F.3d at 1257.[3]

### 2. Elements not supported by the Complaint

**Element (i), No misrepresentation or omissions:** The SEC points to no affirmative false statement or actionable omission. It also alleges no false or misleading statement to investors relating to the sale of Global's OWC stock. The case is purely one of alleged omission. These alleged omissions, however, are not actionable because no duty to disclose is alleged, as discussed further in Element (vi) below.

In addition, under Rule 10b-5(b) and Section 17(a), only the "maker of the statement" is may be held liable. *Janus Capital Group*, 131 S. Ct. at 2302. The Complaint does not specify with particularity which purported statements or omissions it attributes to Mr. Friedland and Global, and includes numerous statements by third parties, including, for example, in OWC press releases. (Amend. Compl. ¶¶ 50, 53, 79). The Complaint does not allege that Mr. Friedland or Global are responsible for those third-party statements.

**Element (ii), No materiality:** The SEC does not allege materiality of the alleged omissions. A fact is material in this context "if there is 'a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total" mix of information available.'" *In re Time Warner Inc. Securities Litigation*, 9 F.3d 259, 267-68 (2d Cir. 1993) (quoting *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976). The allegations do not establish that any reasonable investor would have been misled based on the "total mix" of information available, particularly considering the ample disclosures regarding Mr. Friedland's investment and work for OWC as

---

[3] Section 17(a) applies in connection with the "offer and sale" of a security, whereas Rule 10b-5 is applicable to "purchasers" of securities as well. *Wolfson*, 539 F.3d at 1256 n.12; *see also S.E.C. v. Kelly*, 817 F. Supp. 2d 340, 345 (S.D.N.Y. 2011).

7

an advisor and in investor relations. (Amend. Compl. ¶¶ 33, 48, 50-51, 53, 55-57, 59, 79, 90, 101, 118, 125, 128). Other alleged statements by Mr. Friedland (Amend. Compl. ¶ 79, 93, 118, 124) are not identified as false or misleading statements, or are examples of mere puffery, which are not material as a matter of law (Amend. Compl. ¶¶ 48, 59, 118).

**Element (iii), No Scienter:** The SEC fails to allege scienter. That is, the SEC does not allege that Mr. Friedland acted with the requisite intent to deceive or with knowing misconduct. Moreover, Mr. Friedland's repeated, public disclosures of his investment in OWC and his affiliation with OWC as its advisor and as an investor relations representative in the United States refutes the notion that he was trying to deceive investors. (Amend. Compl. ¶¶ 33, 48, 50-51, 53, 55-57, 59, 79, 90, 101, 118, 125, 128).

**Element (vi), No duty to speak:** Where, as here, an allegation of fraud is based upon nondisclosure, "there can be no fraud absent a duty to speak." *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 174 (1994) (internal citation omitted). The Amended Complaint does not identify a duty to disclose arising from statutory or regulatory requirements, based on misleading statements that need to be corrected, or due to "a fiduciary or other similar relation of trust and confidence" between the parties. *Chiarella v. United States*, 445 U.S. 222 (1980).

    **B.**    **Claims III and V:  Scheme to Defraud**

**1. Elements of Scheme to Defraud:** Rule 10b–5(a) and (c) (Claim Three) and Section 17(a)(1) and (3) (Claim Five) make it unlawful to engage, directly or indirectly, in a course of business or employ a device in furtherance of a scheme to defraud in connection with the sale or exchange of securities. *S.E.C. v. Zandford*, 535 U.S. 813, 819 (2002).

**2. Elements not supported by the Complaint:** The Amended Complaint does not identify what actions constitute a scheme to defraud and rely on no more than the same purported omissions alleged in Claims Two and Four. For the same reasons discussed above, the SEC fails to establish actionable and material false statements or omissions.

Moreover, "where the primary purpose and effect of a purported scheme is to make a public misrepresentation or omission, courts have routinely rejected the SEC's attempt to bypass the elements necessary to impose 'misstatement' liability under subsection (b) by labeling the alleged misconduct a 'scheme' rather than a 'misstatement.'" *S.E.C. v. Kelly*, 817 F. Supp. 2d 340, 343 (S.D.N.Y. 2011) (citing cases). Thus "scheme liability under subsections (a) and (c) of Rule 10b–5 hinges on the performance of an inherently deceptive act that is distinct from an alleged misstatement." *Id.* at 344; *see also S.E.C. v. St. Anselm Expl. Co.,* 936 F. Supp. 2d 1281, 1299 (D. Colo. 2013). The SEC offers no distinct proof or theory to establish a scheme to defraud under either Section 10(b) or Section 17(a). Claims Three and Five should be dismissed on that basis.

### IV.     Count Six Should Be Dismissed For Failure to Allege The Elements Of Unjust Enrichment

Claim VI alleges that the Relief Defendants were unjustly enriched by funds and/or property that were derived from unlawful activities.

#### A.     Elements

To prove unjust enrichment, the SEC must show that (1) at the expense of a plaintiff; (2) a defendant received a benefit; (3) under circumstances making it unjust for the defendant to retain the benefit without paying for it.

#### B.     Elements not supported by the Amended Complaint

None of the elements for unjust enrichment are supported by the Amended Complaint. Here, there is no allegation that the Relief Defendants received a benefit at the expense of anyone, much less the Plaintiff in this case, that would be unjust for the Defendants to retain. Furthermore, if the other claims in this case fail, Claim Six must also fail.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the Plaintiff's Amended Complaint with prejudice, and award such other and further relief as this Court deems just and proper.

Respectfully submitted this 24th day of May, 2018.

**DLA PIPER LLP (US)**

By: s/ Mark A. Nadeau
Mark A. Nadeau, #11434
Mark.nadeau@dlapiper.com
2525 East Camelback Road, Suite 1000
Phoenix, AZ  85016-4232
Telephone:  480.606.5100

Ilana H. Eisenstein, PA Bar # 94907
Ilana.eisenstein@dlapiper.com
One Liberty Place
1650 Market Street
Suite 4900
Philadelphia, PA 19103-7300
Phone: 215.656.3300

Jonathan Haray, D.C. Bar # 480140
Jonathan.haray@dlapiper.com
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
Phone: 202.799.4000

Attorneys for Defendants Jeffrey O. Friedland and Global Corporate Strategies LLC, as well as Relief Defendants Lane 6552 LLC, Kathy B. Friedland, Aspen Upper Ranch LLC, and The Jeffrey And Kathy Friedland Irrevocable Trust